IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Gary L. Wise, | ) |
|                 Plaintiff, | ) Civil Action No. 6:10-969-HFF-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Florence County Detention Center, Joey Norris; Captain Brunson; Officer Usuary; in their official and individual capacities, | ) |
|                 Defendants. | ) |

This matter is before the court on the plaintiff's motion for preliminary injunction and "emergency TRO." The plaintiff, a pretrial detainee at the Florence County Detention Center who is proceeding *pro se*, alleges that he does not have access to a law library, a legal assistance program, or "someone trained in the law." He makes further allegations regarding his legal mail.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

In his motion for preliminary injunction, the plaintiff seeks an order to "immediately restrain the defendants from violating [his] constitutional rights to access the courts by the denial of a law library or a legal assistance program." He alleges he is being "falsely imprisoned" at the detention center as his max-out date was March 1, 2010. He claims that the detention center has no law library or legal assistance program and thus he cannot file a complaint regarding the conditions of his confinement or argue the cases he has currently pending.

To obtain a preliminary injunction, the plaintiff must demonstrate "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is

in the public interest." *Winter v. Natural Resources Defense Council., Inc.* 129 S. Ct. 365, 374 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, *1 (D.S.C. August 18, 2009) (applying *Winter* standard). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, * 1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

The Fourth Circuit Court of Appeals has held that local jails, designed for temporary detainment, are generally not required to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). The court further held in *Magee* that a lack of access claim should be dismissed if the plaintiff fails to allege a specific problem he wishes to research and further fails to show actual harm/specific injury. *Id.* Furthermore, if a plaintiff has counsel, no access to a law library is required to be given. *United States v. Chatman*, 584 F.2d. 1358, 1360 (4th Cir. 1978)(obligation of prison authorities to provide adequate law libraries satisfied when defendant is offered assistance of counsel).

The plaintiff has not shown that he is likely to succeed on the merits or that he is likely to suffer irreparable harm. He is in a local jail, which is not required to have a law library. While he claims to be hampered in being able to file a complaint, in the year 2009 alone he has filed six cases in federal court. He also claims the detention center has denied him pens to use in his legal correspondence; however, he was able to file an eight-page brief, citing case law and written in pen, in support of his motion for preliminary injunction. Furthermore, the plaintiff has not shown that the balance of equities tips in his favor or that an injunction is in the public interest.

Wherefore, based on the foregoing, it is recommended that the plaintiff's motion for preliminary injunction (doc. 16) be denied.

June 15, 2010                                              s/Kevin F. McDonald
Greenville, South Carolina                      United States Magistrate Judge